Peter A. Arhangelsky (SBN 291325)
peter.arhangelsky@gtlaw.com
GREENBERG TRAURIG, LLP
2735 E. Camelback Rd., Suite 800
Phoenix, AZ 85016
*Attorney for BioGaia USA, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOGAIA USA, LLC, a Missouri Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CEELIKE OFFICIAL GLOBAL BRAND MANAGEMENT LIMITED, a Hong Kong company; JINCHENG PENGLAI E-COMMERCE CO., LTD., a Chinese company; LIL REPUBLIC LIMITED, a Delaware corporation registered to do business in the State of California; and DOES 1 through 10, inclusive,<br><br>Defendants. | No.  2:26-cv-06270<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) False Advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);<br><br>(2) Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*;<br><br>(3) False Advertising, Cal. Bus. & Prof. Code § 17500 *et seq.*;<br><br>(4) Common Law Unfair Competition.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.     Plaintiff BioGaia USA, LLC ("BioGaia" or "Plaintiff") files this Verified Complaint against Defendants CeeLike Official Global Brand Management Limited ("CeeLike Brand Management"), Jincheng Penglai E-commerce Co., Ltd.

("Jincheng Penglai"), and Lil Republic Limited ("Lil Republic") (collectively, "Defendants" or "CeeLike"). Plaintiff alleges as follows:

## I.   STATEMENT OF THE CASE

2.     This is a false advertising and unfair competition action arising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), with additional claims under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*), and California common law.

3.     Defendants sell a product called the "CeeLike Probiotics Freshing Oral Spray" (also marketed as the "CeeLike Kiss Artifact" and the "CeeLike Mist" probiotic spray) (the "CeeLike Product"). The CeeLike Product is marketed and sold throughout the United States, including in California, through major online retail channels: Amazon.com, Walmart.com, TikTok Shop, and Defendants' own website at www.ceelike.com.

4.     The CeeLike Product is marketed as a fresh-breath spray powered by live "Probiotics." Its packaging prominently features the word "Probiotics," states the product is "4 Probiotics Freshing Oral Spray" with the strain identifiers "ADP-1, ET-66, AP-32, LR3," and tells consumers the product is a "safe and natural" way to freshen the mouth. Defendants' advertising depicts the product as a wellness product made from "PURE ESSENCE DERIVED FROM NATURAL PLANTS."

5.     Each of those representations is false or misleading in three distinct ways.

6.     First, the CeeLike Product does not contain live probiotics. Defendants formulate the spray with Chlorhexidine Digluconate—a powerful antimicrobial drug ingredient used in the oral cavity to kill bacteria. Chlorhexidine Digluconate destroys live probiotic organisms on contact. The product therefore cannot deliver the live probiotic ingredients that its packaging, name, and marketing tout as the product's

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

2

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

central benefit. BioGaia tested representative units of the CeeLike Product and confirmed no live probiotic bacteria are present in the product as sold.

7. Second, the CeeLike Product is not "safe" or "natural." Defendants formulate the spray with Chlorhexidine Digluconate, a regulated antiseptic drug ingredient with documented health risks when applied to the oral cavity, including risk of anaphylactic reactions, tooth and tongue discoloration, taste alteration, and mucosal effects. Defendants conceal those risks from consumers by failing to disclose any of the warnings or directions that FDA-approved chlorhexidine gluconate oral products carry. Defendants' "safe" representation is therefore false. The "natural" representation is also false: the formula consists almost entirely of synthetic ingredients, including PEG-40 Hydrogenated Castor Oil, Propylene Glycol, Sodium Benzoate, Sucralose, Trisodium Phosphate, Mica, and CI 77891, in addition to the synthetic antiseptic drug ingredient.

8. Third, Defendants advertise the product as a treatment or preventative for oral health conditions, including bad breath, "Dental Cares," and "Gum Diseases"—claims that misrepresent both what the product is and what it can do. Defendants make those claims while concealing from consumers that the product's purported live-probiotic mechanism is destroyed by the antiseptic drug ingredient that Defendants chose to include.

9. BioGaia is a global leader in clinically supported probiotic products for oral health. It develops, supplies, and lawfully markets live-bacteria probiotic supplements for fresh breath, gum health, and oral microbial balance. BioGaia products have been the subject of decades of peer-reviewed research and are sold through compliant labeling, transparent ingredient disclosures, and substantiated claims. Defendants compete directly with BioGaia in the oral-health probiotic category but do so by selling a product that cannot deliver live probiotics and that conceals from consumers a drug ingredient with documented health risks.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Defendants' false and misleading advertising diverts sales away from BioGaia and erodes consumer trust in the entire probiotic category.

10. BioGaia seeks compensatory damages, disgorgement of Defendants' profits, treble damages under 15 U.S.C. § 1117(a), corrective advertising, restitution, and preliminary and permanent injunctive relief barring Defendants from continuing to disseminate the false and misleading representations identified in this Complaint.

11. The representations, channels, and conduct identified in this Complaint reflect only a subset of the information Defendants have used, and continue to use, to market the CeeLike Product to U.S. consumers. Defendants' advertising spans multiple online marketplaces, social-media channels, and influencer and affiliate promotions—including, for example, the "Videos for this product" carousel on the TikTok Shop listing, which features multiple creator-generated promotional videos labeled "Creator earns commission," *see* Exh. D. Plaintiff is informed and believes that further investigation and discovery will identify additional false and misleading representations, additional retail and promotional channels, and additional persons and entities involved in the conduct alleged here, all of which are encompassed by this Complaint.

## II.    PARTIES

12. **Plaintiff BioGaia USA, LLC** is a Missouri Limited Liability Company with its principal place of business in Missouri. BioGaia USA is the U.S. subsidiary and authorized distributor of probiotic products developed by its Swedish parent company, BioGaia AB.

13. BioGaia AB is a leading innovator and supplier of clinically tested probiotics for human health, including dietary supplements formulated for oral and dental health. Among other products, BioGaia sells a line of probiotic lozenges that support gum health, fresh breath, and oral microbial balance, distributed under the

BioGaia® Prodentis® brand and powered by clinically studied *Lactobacillus reuteri* strains.

14.    BioGaia USA markets and sells its oral probiotic products nationwide, including through extensive sales throughout the State of California, where it competes directly with other probiotic and oral-health product manufacturers. The California market represents a substantial portion of BioGaia's revenues. BioGaia has invested significantly to grow its brand presence in California and to serve healthcare professionals and consumers throughout the state. Through those efforts, BioGaia has established valuable commercial relationships and goodwill within California's highly competitive dietary supplement and natural health product marketplace.

15.    **Defendant CeeLike Official Global Brand Management Limited** is a Hong Kong company with a registered address at Shop E, G/F, Kwun Wah Building, 2 Yuen Shun Circuit, Sha Tin, New Territories, Hong Kong. CeeLike Brand Management operates as the global brand-management arm of the CeeLike enterprise, controls the "CeeLike" brand and online storefronts, including www.ceelike.com, the CeeLike Amazon storefront, and the CeeLike TikTok Shop, and directs the marketing and sale of the CeeLike Product into the United States, including California.

16.    **Defendant Jincheng Penglai E-commerce Co., Ltd.** is a Chinese company headquartered at Room 502, Unit 4, Building 37, Xiushuiyuan Community, No. 2661 Fengtai West Street, Jincheng City, Shanxi Province 048000, People's Republic of China. On information and belief, Jincheng Penglai is a consumer-goods and oral-care company that serves as the parent and ultimately controlling entity of the global "CEELIKE" oral-care brand. Through its subsidiaries, affiliates, and authorized agents—including Defendant CeeLike Brand Management, the manufacturer identified on the CeeLike Product's back-panel labeling, and Defendant Lil Republic—Jincheng Penglai directs, controls, and materially benefits from the

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

design, formulation, manufacture, branding, distribution, and U.S. sale of the CeeLike Product. The decisions to formulate the CeeLike Product with Chlorhexidine Digluconate alongside the purported probiotic ingredients, to label and market the product as a "probiotic" cosmetic notwithstanding the inclusion of that regulated antimicrobial drug ingredient, and to disseminate the false and misleading representations alleged in this Complaint, were made by, ratified by, or undertaken at the direction of Jincheng Penglai.

17. **Defendant Lil Republic Limited** is a Delaware corporation registered to do business in the State of California, with its principal place of business in this District. Lil Republic's Statement and Designation by Foreign Corporation, filed with the California Secretary of State on January 31, 2023 (File No. 5478586), identifies a single address—2611 Durham Court, Arcadia, California 91007—as Lil Republic's principal office, its mailing address, and its street address of California office. *See* Exh. F. That filing further reflects that Lil Republic is incorporated in Delaware, that Yuqing Jia executed the filing as a corporate officer, and that Lil Republic's registered agent for service of process in California is C T Corporation System. By that filing, Lil Republic irrevocably consented to service of process in California. A true and correct copy of Lil Republic's Statement and Designation by Foreign Corporation, with the attached Delaware certificate of good standing, is attached to this Complaint as Exhibit F. In addition, Lil Republic's designated officers, Yuqing Jia (Secretary, Chief Financial Officer, and Chief Executive Officer) and Anthony Wan (President), maintain a business address at 2611 Durham Court, Arcadia, California 91007. Lil Republic identifies its business type to the State of California as "E-commerce."

18. Lil Republic sells, ships, and otherwise distributes the CeeLike Product to U.S. consumers, including consumers in California and in this District, in the ordinary course of its e-commerce business. Lil Republic is identified by name and business address in the "Seller info" or "Safety & compliance" disclosures appearing

on TikTok Shop product detail pages for the CeeLike Product. For example, the TikTok Shop product detail page for "CEELIKE Probiotic Oral Spray 20ml" identifies the "Business name" as "LIL REPUBLIC LIMITED," with the storefront operating under the trade name "CEELIKE & MSDRWIKEY Oral Care." *See* Exh. D (TikTok Shop product detail page). The "Business address" disclosed on that TikTok Shop page ("1209 Orange Street, Wilmington, Delaware, 19801, The United States") differs from the Arcadia, California principal office that Lil Republic reported to the California Secretary of State, *see* Exh. F, reflecting Defendants' use of differing identifiers across their U.S. retail channels. On information and belief, Lil Republic also operates or causes to be operated additional online storefronts that distribute the CeeLike Product to U.S. consumers, including storefronts on Amazon.com and Walmart.com under the "CEELIKE" brand, and is a partner in or beneficiary of the U.S. distribution of the CeeLike Product through ceelike.com.

19.    Lil Republic serves as the U.S.-facing distributor, seller, or other authorized commercial partner for the CeeLike Product. In that capacity, Lil Republic offers the CeeLike Product for sale to U.S. consumers using the same product name, packaging, marketing claims, and pricing structure that CeeLike Brand Management and Jincheng Penglai have authorized for the CeeLike Product. Lil Republic disseminates to consumers, including consumers in this District, the same false and misleading representations of "probiotic" content, "safety," and "natural" composition alleged throughout this Complaint, and conceals from those consumers the presence and risks of the chlorhexidine drug ingredient. Lil Republic participates in, authorizes, and materially benefits from the conduct alleged in this Complaint, and is jointly and severally liable for the harm Plaintiff has suffered.

20.    On information and belief, CeeLike Brand Management, Jincheng Penglai, and Lil Republic operate the CeeLike business as a joint venture or de facto common enterprise. They share design, manufacturing, branding, distribution, and

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

7

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

U.S. retail responsibilities for the CeeLike Product. They use or benefit from the same product name, the same packaging, the same online storefronts (including ceelike.com, the "CEELIKE Store" on Amazon.com, the "CEELIKE" storefront on Walmart.com, and the "CEELIKE & MSDRWIKEY Oral Care" storefront on TikTok Shop), the same customer-service infrastructure, and the same physical product. Each Defendant participates in, authorizes, and materially benefits from the conduct alleged in this Complaint, and each is jointly and severally liable for the harm Plaintiff has suffered.

21. The true names and capacities of Defendants sued here as DOES 1 through 10, inclusive, are unknown to Plaintiff. BioGaia therefore sues such defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Doe Defendants is in some manner responsible for the acts and omissions alleged here, whether as a principal, agent, alter ego, joint venturer, co-conspirator, aider, or abettor of one or more of the named Defendants, or as a person or entity that has otherwise authorized, directed, participated in, or materially benefited from the conduct alleged here. The Doe Defendants include, without limitation, the following categories of persons and entities: (a) the entity or entities that own, license, or hold rights in the "CEELIKE" trademark and other intellectual property used in connection with the CeeLike Product; (b) contract manufacturers, formulators, packagers, and fillers that produce the CeeLike Product or its components; (c) parent companies, subsidiaries, sister corporations, and other corporate affiliates of the named Defendants involved in the design, manufacture, branding, distribution, or sale of the CeeLike Product; (d) the officers, directors, shareholders, employees, agents, and principals of the named Defendants who directed, authorized, or participated in the conduct alleged here; (e) additional U.S.-facing distributors, sellers, marketers, or affiliated promoters of the CeeLike Product, including, on information and belief, the operators of additional

8

storefronts on Amazon.com, Walmart.com, TikTok Shop, and other e-commerce platforms through which the CeeLike Product is offered for sale; and (f) any other persons or entities not yet known to Plaintiff that participate in, authorize, or materially benefit from the conduct alleged here. Plaintiff will seek leave to amend this Complaint to identify each Doe Defendant by true name and capacity when those identities are ascertained.

### III.    JURISDICTION AND VENUE

22.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States, including Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Court also has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

23.    This Court has personal jurisdiction over Defendants. Defendants have purposefully directed their activities at California, have caused foreseeable injury within California, and have established sufficient minimum contacts with California to satisfy due process. Defendants market, advertise, and sell the CeeLike Product to California consumers through Amazon.com, Walmart.com, TikTok Shop, and Defendants' own e-commerce website at www.ceelike.com. California is the largest consumer market in the United States and a deliberate target of Defendants' nationwide retail strategy. Defendants ship the CeeLike Product directly to California consumers, including, on information and belief, through Amazon's Fulfilled by Amazon (FBA) program, in which products are stored in California-based warehouses and distributed from within the state.

24.    Defendants' sale of the CeeLike Product into California has caused foreseeable injury to BioGaia within this District by diverting California sales away

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

9

from BioGaia's lawful probiotic products and by misleading California consumers in the same market BioGaia serves. The injuries alleged in this Complaint arise directly out of Defendants' contacts with California, including their direct sales of the CeeLike Product to California residents. *See Briskin v. Shopify, Inc.,* No. 22-15815, 2025 WL 1154075 (9th Cir. Apr. 21, 2025) (sales of allegedly misbranded product into California through e-commerce platforms supports specific personal jurisdiction).

25.    Defendants' sales of the CeeLike Product into California are not isolated, occasional, or one-off transactions. Defendants offer the CeeLike Product for sale to California consumers on a continuous, year-round basis, through multiple stocked online storefronts that maintain product listings, inventory, pricing, and consumer reviews, and that identify California as a delivery destination. Defendants process orders from California consumers, including consumers in this District, in the ordinary course of their e-commerce business. By way of example, the TikTok Shop product detail page for the "CEELIKE Probiotic Oral Spray 20ml" offers "Free shipping" on the product and discloses that more than 218,000 units ("218.7K sold") have been sold through that one listing alone. *See* Exh. D. Defendants' sale of the CeeLike Product into California is therefore a regular, ongoing, and material part of Defendants' commercial activity directed at U.S. consumers.

26.    This Court has additional, independent bases of personal jurisdiction over Defendant Lil Republic. Lil Republic is registered to do business in California; reported a California principal office, mailing address, and California street address—all at 2611 Durham Court, Arcadia, California 91007—to the California Secretary of State; has designated a registered agent for service of process in California (C T Corporation System); and conducts its e-commerce business from California. *See* Exh. F. Lil Republic has consented to personal jurisdiction in California courts by registering to transact business in the state and by irrevocably consenting to service of process in California through its designated agent. *See* Exh. F.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

27. The foreign Defendants' conduct is closely intertwined with Lil Republic's California-based U.S. distribution operation. The same CeeLike Product, in the same packaging and bearing the same marketing claims, is manufactured in China at the direction and control of Jincheng Penglai, is branded and routed to global storefronts through CeeLike Brand Management's control of the "CeeLike" brand, and is offered for sale to U.S. consumers through Lil Republic's California-based e-commerce operation. The foreign Defendants have therefore purposefully availed themselves of the California market both directly, through their own online sales channels, and indirectly, through their California-based U.S. distributor and brand partner.

28. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendants' sale and shipment of the CeeLike Product to consumers in this District and the resulting consumer confusion within this District. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009) (a substantial part of the events giving rise to the claims, as required for proper venue, occur in any district where consumers are likely to be confused by the accused goods, whether that occurs solely in one district or in many).

29. Venue is also proper in this District under 28 U.S.C. § 1391(c)(3) because Defendants CeeLike Brand Management and Jincheng Penglai are foreign corporations and may be sued in any judicial district. CeeLike Brand Management is organized under the laws of Hong Kong, and Jincheng Penglai is organized under the laws of the People's Republic of China. The foreign Defendants have no offices, employees, or registered agents in the United States, and conduct their U.S. sales remotely through online retail channels that reach California consumers and through their California-based U.S. distributor and brand partner, Lil Republic. Venue is also

proper as to Lil Republic under 28 U.S.C. § 1391(b)(1) because Lil Republic resides in this District for venue purposes.

## IV.   GENERAL ALLEGATIONS

### A. BioGaia's Business and Reputation in the Oral-Health Probiotic Market

30.   BioGaia AB, parent of BioGaia USA, is a global leader in the development and supply of clinically studied probiotic products. For over thirty years, BioGaia has invested in scientific research to identify and validate specific probiotic strains for human-health applications. BioGaia's proprietary *Lactobacillus reuteri* strains, including DSM 17938 and ATCC PTA 5289 (marketed under the Prodentis® name), have been studied in numerous published, peer-reviewed clinical trials, including randomized, double-blind, placebo-controlled studies on oral health applications.

31.   BioGaia's oral-health probiotic line is marketed throughout the United States as a dietary supplement under the Dietary Supplement Health and Education Act of 1994 ("DSHEA"), with structure/function claims supported by published research and accompanied by the disclosures required by 21 C.F.R. § 101.93. The products contain live, viable probiotic organisms in clinically validated quantities. BioGaia's product label, marketing, and supporting research substantiate its claims and comply with applicable federal and state food labeling laws.

32.   BioGaia has built valuable goodwill in the oral-health probiotic category by consistently delivering products with verifiable live-probiotic content and by funding the underlying clinical research that supports the use of probiotics for oral health. BioGaia's ability to compete depends on the integrity of the probiotic category as a whole. When consumers purchase a product labeled "probiotic" that in fact contains no live probiotics—and that instead contains an antimicrobial drug

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

ingredient that destroys live bacteria—consumer confidence in probiotic products is undermined, and BioGaia's investments in research and brand-building are devalued.

33. The probiotic category in which BioGaia competes is particularly vulnerable to dilution by deceptive entrants. The defining feature of a probiotic product is the presence of specified, live, and viable microbial organisms in clinically meaningful quantities. Consumers cannot assess that feature visually or by ordinary use, and instead rely on the integrity of the "probiotic" designation, the represented strain content, and the represented CFU counts. When the "probiotic" designation is appropriated by products that contain no live probiotic content—or, worse, that contain ingredients chemically incompatible with live probiotic content—the category-defining representation that anchors consumer purchasing decisions is degraded for every legitimate participant in the category, including BioGaia.

34. The U.S. probiotic marketplace has been subjected to an increasing influx of low-cost, foreign-manufactured products that adopt the "probiotic" designation without satisfying the defining characteristics of the category. The CeeLike Product is representative of that pattern. Defendants Jincheng Penglai and CeeLike Brand Management direct and control the design, manufacture, and branding of the CeeLike Product from China and Hong Kong, respectively, and route the product into the United States through online retail platforms, including Amazon.com, Walmart.com, and TikTok Shop, with Lil Republic serving as the U.S.-facing seller. Defendants' conduct injects into the U.S. consumer market a product that misappropriates the "probiotic" designation, that contains an undisclosed drug ingredient, and that does so without complying with the federal labeling, substantiation, and safety requirements that govern the categories of products into which the CeeLike Product would otherwise fall.

35. The presence of Defendants' product in the same retail channels and category pages as BioGaia's lawful, substantiated products creates a side-by-side

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

commercial comparison in which the CeeLike Product unfairly captures shelf space, advertising space, search-result placement, consumer attention, and ultimately sales that would otherwise flow to legitimate participants in the probiotic category. Defendants benefit commercially from the goodwill BioGaia and other legitimate market participants have built up around the "probiotic" designation, while contributing nothing to—and indeed actively eroding—the integrity of that designation.

**B. The CeeLike Product and Defendants' Online Marketing**

36.     Defendants sell the CeeLike Product in several flavors and sizes through a coordinated set of online retail channels designed to reach U.S. consumers, including:

    a. Defendants' e-commerce website at https://ceelike.com/products/ceelike-smile-mist-set-4-flavors-of-probiotic-freshness;

    b. The CeeLike storefront on Amazon.com, ASIN B0FJ2FNT6Q, listed by the "CEELIKE Store" and titled "Oral Spray – Fresh Breath, Dual Cooling Experience & Convenient On-The-Go Design – Perfect for Freshening Breath Anywhere, Anytime";

    c. The CeeLike listing on Walmart.com (product ID 17830868902), titled "CEELIKE Oral Spray—Fresh Breath, Dual Cooling Experience, Convenient On-The-Go Design, Perfect Freshening Breath Anywhere, Anytime," *see* Exh. E (Walmart.com product page images); and

    d. The CeeLike listing on TikTok Shop, titled "Probiotic Oral Spray by CeeLike 20ml Breath Freshener for Oral Health." *See* Exh. D.

37.     Each of those channels offers consumers in California the same product, the same labeling, and substantially the same marketing claims.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

38. The CeeLike Product is sold in a small purple-and-clear glass bottle bearing the "CEELIKE" and "KISS ARTIFACT" brand marks. The front panel of the outer carton displays the words "Ceelike" and "Kiss Artifact," the bold designation "4 Probiotics Freshing Oral Spray," and the phrase "Cool And Refreshing—A Refreshing Experience—Plant Extract Ingredients, Care For Oral." Another front-panel feature lists the words "PROBIOTIC ADP-1 ET-66 AP-32 LR3 MINT FLAVOR 20ML," which is in reference to the various probiotic strains purportedly offered through the product.

39. Defendants' Amazon detail page features banner imagery that pairs the bottle with the phrase "CEELIKE BREATH SPRAY" and the prominent tag "PROBIOTICS INFUSED." A separate banner declares "PURE ESSENCE DERIVED FROM NATURAL PLANTS" over imagery of botanical extracts. A "From the brand" section asserts that CeeLike is "Specialized in oral care" and that Defendants are "dedicated to creating high-performance oral care products that are gentle, effective, and safe for every smile." The same section claims that CeeLike products "repair and strengthen tooth enamel," "soothe sensitive teeth and gums," "provide a deep, gentle clean," and "deliver long-lasting fresh breath." *See* Exh. C (CeeLike Amazon product page).

40. Defendants' Walmart.com product page carries materially the same representations. Its product-image panels tout a "PROFESSIONAL FRAGRANCE FORMULA" that will "Eliminate odors and leave a lasting fragrance," promote "FRESH BREATH," and represent that the product is made with "Safe, healthy and gentle ingredients" and "CONTAINS PROBIOTIC INGREDIENTS." Other panels claim "EFFECTIVE INHIBITION OF ORAL ODOR COMPONENTS" and describe the product as "GENTLE AND REFRESHING." *See* Exh. E.

41. Defendants' carton back panel reinforces the claim that its product treats disease and abnormal health conditions. It displays a banner reading "THE DENTAL

15

PLAQUE CAN EASILY LEAD TO VARIOUS ORAL PROBLEMS" over three icons labeled "Bad Breath," "Dental Cares" (i.e., cavities), and "Gum Diseases."

42. Defendants' e-commerce listings further describe the product's plant extracts as having "antibacterial," "anti-inflammatory," and "antioxidant" properties, and depict the product as a daily oral wellness item suitable for routine consumer use without any "Rx only," "prescription," or drug warning.

43. Defendants sell the CeeLike Product as a cosmetic or general consumer breath-freshening product. Defendants do not advertise the product as an over-the-counter or prescription drug. Defendants display no drug-facts labeling, no "Rx only" designation, no directions for therapeutic use, no warnings against use in pregnancy or in children, and no contraindication or adverse-event disclosure of any kind.

44. The CeeLike Product is, by virtue of its formulation and intended use, subject to applicable federal labeling and substantiation requirements that govern the categories of products into which it would fall. A product offered for sale to U.S. consumers that contains a regulated antimicrobial drug ingredient at a concentration sufficient to function as a broad-spectrum antiseptic, that is marketed with claims to treat, prevent, or affect oral conditions including "Bad Breath," "Dental Cares," and "Gum Diseases," and that is represented to contain live probiotic bacteria as its active mechanism of benefit, cannot be lawfully marketed in the United States as an unrestricted consumer "cosmetic." By choosing to label, package, and promote the CeeLike Product as a cosmetic or generic breath spray, Defendants avoid the disclosures, labeling, ingredient-disclosure, warnings, substantiation, and pre-market requirements that would attach to the product if it were marketed in accordance with its actual composition and represented effects.

45. Defendants' conduct reflects a pattern by which foreign-manufactured consumer products containing regulated drug ingredients are introduced into the U.S. market through online retail platforms, with packaging and marketing that obscure

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

the products' actual composition and that route the products around the federal regulatory requirements that would otherwise apply. The CeeLike Product is manufactured in China at the direction and control of Jincheng Penglai, is branded and routed to global storefronts by CeeLike Brand Management in Hong Kong, and is offered for U.S. sale through Lil Republic's California-based e-commerce operation and the related online storefronts identified above. The product is then delivered directly to U.S. consumers, including consumers in California, without going through any of the U.S. regulatory pathways that would attach to a product of comparable composition and represented effects if it were marketed in accordance with the federal requirements governing drugs, dietary supplements, or therapeutic oral products. Defendants' misbranding of the CeeLike Product as a cosmetic is part of, and material to, the false and misleading representations alleged in this Complaint.

### C. The Inadequately Disclosed Antiseptic Drug Ingredient

46. Buried in the ingredient list on the rear panel of the CeeLike Product carton, in small light-green type against a purple background, Defendants disclose that the product contains "Chlorhexidine Digluconate":



*Figure 1. CeeLike Back Panel*

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

47.     Chlorhexidine Digluconate is a potent broad-spectrum antimicrobial agent. In the oral cavity, chlorhexidine is regulated as a drug. In the United States, chlorhexidine gluconate is approved by the U.S. Food and Drug Administration ("FDA") only as a prescription oral rinse for the treatment of gingivitis (sold under the brand names Peridex® and PerioGard®, among others). FDA-approved chlorhexidine gluconate oral rinse labeling is designated "Rx only" and includes mandatory warnings and directions for safe use. *See* Exh. B (Peridex labeling approval).

48.     FDA-approved chlorhexidine gluconate oral rinse labeling discloses the following risks and warnings to consumers, among others:

a.  Risk of serious allergic reactions, including anaphylaxis;

b.  Staining of teeth, restorations, dorsum of the tongue, and oral surfaces;

c.  Alteration of taste perception;

d.  Increased supragingival calculus formation;

e.  Oral irritation, mucosal effects, and parotid swelling;

f.  Limitations on use in pediatric populations; and

g.  A general directive to discontinue use and seek medical attention if adverse reactions occur.

49.     Defendants disclose none of those risks on the CeeLike Product label, in the Amazon listing, on the Walmart listing, on the TikTok Shop listing, or anywhere on the CeeLike website. Defendants do not warn consumers that the active ingredient in the CeeLike Product has been associated with anaphylaxis. Defendants do not warn consumers about tooth discoloration, taste alteration, or oral irritation. Defendants do not warn consumers against pediatric use. Defendants do not warn consumers that the product is unsuitable for daily, long-term use.

50.     Defendants' online listings do not merely omit the chlorhexidine ingredient; on at least one channel they affirmatively misstate the product's

18

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

composition. The TikTok Shop product detail page for the "CEELIKE Probiotic Oral Spray 20ml," in the "About this product" details, lists the product's "Ingredients" as "water"—disclosing neither the Chlorhexidine Digluconate that Defendants chose to include nor any other component of the formula. *See* Exh. D. The Amazon product detail page, in turn, discloses no ingredient list at all, prompting at least one verified purchaser to complain that the product's ingredients are "nowhere on Amazon or anywhere on their website." *See* Exh. C. Defendants thus conceal the antiseptic drug ingredient from consumers at the point of sale across their online retail channels, while simultaneously representing the product as a "probiotic," "safe," and "natural" oral spray.

51.     To the contrary, Defendants instruct consumers to use the CeeLike Product casually and repeatedly, at any time of day: "Remove the inner packaging cover and shake well. Stand the bottle upright and press the nozzle 10–15 centimeters away from the mouth to spray 2–3 times until it evenly covers the mouth. Use it anytime as needed." Defendants direct that the product be kept out of reach of children, but include no warning that the product is inappropriate for pediatric use or that it contains an antiseptic drug ingredient.

52.     FDA-approved labeling for chlorhexidine gluconate oral rinse confirms that chlorhexidine substantially reduces oral bacteria. The labeling states that chlorhexidine gluconate "significantly reduce[s]" supragingival bacterial counts on the order of 54 to 97 percent depending on the bacterial population and duration of use. Defendants' inclusion of chlorhexidine in the CeeLike Product therefore creates a chemical environment that is incompatible with the survival of live probiotic organisms.

**D. The False "Probiotic" Claim**

53.     Defendants market the CeeLike Product as a probiotic. The product name, packaging, and advertising are saturated with the word "probiotic" and with

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

strain-style identifiers ("ADP-1, ET-66, AP-32, LR3") that mimic legitimate probiotic strain nomenclature.

54. Representative examples of Defendants' "probiotic" claims include:

a. The product name "CEELIKE Probiotics Freshing Oral Spray" on the inside of the carton ingredient panel;

b. The front-panel designation "4 Probiotics Freshing Oral Spray";

c. The Amazon banner reading "CEELIKE BREATH SPRAY" and "PROBIOTICS INFUSED";

d. The TikTok Shop title "Probiotic Oral Spray by CeeLike 20ml Breath Freshener for Oral Health";

e. The carton statement that "[t]his product contains mica probiotics and plant extracts";

f. The carton ingredient list, which declares "Probiotics" as an ingredient; and

g. The series of strain-style identifiers on the front of the carton: "PROBIOTIC ADP-1 ET-66 AP-32 LR3."

55. Each of those representations communicates to consumers that the CeeLike Product contains live, beneficial bacteria that confer the probiotic benefit consumers seek when purchasing a "probiotic" oral product. That representation is literally false.

56. BioGaia obtained representative units of the CeeLike Product, including units sold through Defendants' Amazon storefront, and submitted those units for independent laboratory analysis. BioGaia engaged AEMTEK, Inc., an independent A2LA-accredited testing laboratory in Fremont, California, to determine the presence and concentration of live, viable bacterial organisms in the CeeLike Product. AEMTEK analyzed a representative unit of the CeeLike "Kiss Artifact" oral spray, expiration date July 31, 2027, for Total Probiotic Count using USP <64>, a

recognized compendial method for the enumeration of microbial organisms in pharmaceutical and consumer products. AEMTEK reported the Total Probiotic Count as "<10 CFU/g"—below the method's reporting limit of 10 colony-forming units per gram. A true and correct copy of the AEMTEK Certificate of Analysis is attached to this Complaint as Exhibit A. The analysis confirms that the CeeLike Product contains no live bacterial organisms detectable at any commercially or clinically meaningful concentration. The "probiotic" content advertised on the front of the package is not present in the product as sold.

57. That absence is consistent with, and predictable from, Defendants' chosen formulation. Defendants include Chlorhexidine Digluconate—a known broad-spectrum antibacterial drug ingredient—in the same aqueous solution as the purported "probiotics." As FDA-approved chlorhexidine gluconate oral-rinse labeling confirms, chlorhexidine in a comparable formulation reduces oral bacterial counts by 54 to 97 percent. The same antimicrobial activity that drives chlorhexidine's therapeutic effect when used as a prescription oral rinse destroys live probiotic organisms in the CeeLike formula.

58. Defendants' "probiotic" claim is therefore literally false. The product cannot, and does not, deliver live probiotic bacteria. Defendants do not disclose to consumers that the chemical environment created by chlorhexidine renders any probiotic content non-viable. Defendants instead market the spray as a "Probiotic" product whose entire value proposition rests on the presence of live bacteria the product does not, in fact, contain.

59. Defendants' "probiotic" representation is material. Consumers in the breath-spray and oral-health categories who choose a "probiotic" product do so in reliance on the represented presence of live, beneficial bacteria. The "probiotic" claim is the defining characteristic that distinguishes the CeeLike Product from conventional, non-probiotic breath sprays in the same retail category. Consumers pay

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

a premium for probiotic products specifically because of the represented live-bacteria content.

60.    At least one consumer identified Defendants' "probiotic" claim as deceptive, but only after purchasing. On November 10, 2025, a verified purchaser of the CeeLike Product posted a one-star review of the product on Amazon under the title "No ingredient transparency." The reviewer wrote in part that the product is "basically useless" and that, after receiving the product and reading the ingredient list, she observed that "the antiseptic is so strong it kills the probiotics immediately along with all the good bacteria in your mouth." As of the date of this Complaint, 187 Amazon users had marked that review "helpful." That review, featured below, reflects exactly the deception alleged here. *See* Exh. C.

⭐☆☆☆☆ Verified Purchase

**No ingredient transparency** 🚩 🚩 🚩

It makes me so angry when companies hide their ingredients. It's nowhere on Amazon or anywhere on their website. I research everything I put in my body. This stuff is basically useless and long term use will make your oral health worse, because the antiseptic is so strong it kills the probiotics immediately along with all the good bacteria in your mouth. Once I got it, I could see what was in it. It's okay short term but not daily and not long term - it will eventually impact your gut health and oral microbiome. It's fine if you don't care about that stuff. But if you're actually trying to be healthy and heal your body and gut (the things that cause bad breath at the source) do not buy this.

*Figure 2. Consumer Review*

**E. The False "Safe and Natural" Claim**

61.    Defendants represent the CeeLike Product as both "safe" and "natural," including through:

a. The banner statement "PURE ESSENCE DERIVED FROM NATURAL PLANTS" on the Amazon product detail page;

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

22

b. The "From the brand" representation that the CeeLike line is "gentle, effective, and safe for every smile" and is engineered "without harsh chemicals";

c. The product's designation as a "Kiss Artifact" oral spray, characterized as a daily wellness item suitable for casual, on-the-go use;

d. The "Plant Extract Ingredients, Care For Oral" representation on the front of the package; and

e. Ingredient call-outs that describe Chamomilla Recutita, Magnolia Officinalis, and Diospyros Kaki extracts as "anti-inflammatory," "soothing," "antioxidant," and "antibacterial."

62. Both the "safe" representation and the "natural" representation are false and misleading.

63. **Falsity of the "natural" representation.** The product is formulated with a substantial number of synthetic and heavily processed ingredients that no reasonable consumer would understand to be "natural" or to derive from "PURE ESSENCE" of "NATURAL PLANTS." Those non-natural ingredients include, without limitation: (a) Chlorhexidine Digluconate, a synthetic antimicrobial drug compound; (b) Propylene Glycol, a synthetic solvent and humectant; (c) PEG-40 Hydrogenated Castor Oil, a synthetically modified, polyethylene-glycol-derived emulsifier; (d) Sodium Benzoate, a synthetic preservative; (e) Sucralose, a chlorinated artificial sweetener that does not occur in nature; (f) Trisodium Phosphate, an inorganic synthetic compound; (g) Mica, a mined and processed pearlescent mineral filler used for visual effect; and (h) CI 77891 (titanium dioxide), a synthetic colorant. Several other components, including Xanthan Gum and the listed plant "extracts," are themselves heavily processed and isolated, not whole-plant ingredients. The product's actual composition is at odds with Defendants' representations of natural-plant origin.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

23

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

64.     **Falsity of the "safe" representation.** Defendants represent the product as "safe" for every smile, suitable for daily use, and free of harsh chemicals. That representation cannot be reconciled with the inclusion of Chlorhexidine Digluconate at a concentration sufficient to function as a broad-spectrum antimicrobial in the oral cavity. As alleged above, the FDA-approved labeling for chlorhexidine gluconate oral products discloses risks of serious allergic reactions including anaphylaxis, staining of teeth and oral surfaces, taste alteration, calculus formation, and mucosal effects, and limits use to short-term, prescription, supervised settings. Defendants market the product for repeated daily use "as needed" and conceal the risks associated with the antiseptic ingredient they have chosen to include. A product that contains a regulated antimicrobial drug ingredient at a non-disclosed concentration, packaged for unsupervised daily consumer use without warnings or directions, is not "safe" in the manner Defendants represent.

65.     **Falsity of the net impression of safe daily use.** Independent of Defendants' affirmative "safe" representations, the overall net impression created by the CeeLike Product's packaging, directions for use, depicted scenarios of use, and promotional materials is that the CeeLike Product is appropriate for casual, repeated, unsupervised use throughout the day. The product is named the "Kiss Artifact"; is presented in a compact, on-the-go bottle styled after a perfume or breath spray; is identified on Defendants' storefronts as a "portable" "Breath Freshener" and a "fresh-breath spray" for daily oral care; and is accompanied by directions that instruct the consumer to "[u]se it anytime as needed." Defendants' brand-page marketing depicts the product as a routine wellness item, with no warning, directions, or contraindications of any kind. The cumulative net impression communicated to consumers is that the CeeLike Product is appropriate for casual, repeated, unsupervised use in the mouth throughout the day.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

66.     That net impression is false and misleading. The CeeLike Product contains Chlorhexidine Digluconate, a regulated antimicrobial drug ingredient that, in any product offered to consumers in the United States for use in the oral cavity, is restricted to short-term, supervised, prescription-only use. The actual nature of the active ingredient in the CeeLike Product cannot be reconciled with the casual, daily, on-the-go pattern of use Defendants invite. Reasonable consumers exposed to the CeeLike Product's packaging, directions, and promotional materials would understand the product to be appropriate for the routine consumer use that Defendants depict and instruct, when in fact the product contains a drug ingredient that should not be used in that manner and outside of medical supervision. That misimpression is material, is the foreseeable result of Defendants' chosen marketing presentation, and is itself a false and misleading representation actionable under each of the statutory and common-law theories alleged here.

67.     Defendants' "safe" and "natural" representations are designed to convey to consumers that the CeeLike Product is a clean-label, plant-derived, low-risk wellness product. Consumers in the natural-products and clean-label categories pay a premium for products carrying those attributes. The representations are material because they directly drive purchasing decisions in that segment of the market—the same segment in which BioGaia's lawful products compete.

**F.  Improper Disease, Treatment, and Structure/Function Claims**

68.     In addition to the false "probiotic," "safe," and "natural" claims, Defendants market the CeeLike Product with disease and treatment claims that are inappropriate for a product marketed as a cosmetic or general consumer breath spray, and that mislead consumers about the product's intended use, regulatory status, and substantiation.

69.     Defendants' carton back panel advertises the product as protection against "Bad Breath," "Dental Cares," and "Gum Diseases." Defendants' brand-page marketing describes the CeeLike line as designed to "repair and strengthen tooth

25

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

enamel," "soothe sensitive teeth and gums," and "provide a deep, gentle clean." Defendants' ingredient call-outs claim that the formula's plant extracts provide "anti-inflammatory," "antioxidant," and "antibacterial" effects in the mouth.

70. Those claims communicate that the CeeLike Product treats, prevents, or affects oral conditions and the structure or function of the body. They are made about a product that Defendants market as a cosmetic and that displays none of the labeling required for a drug, no labeling required for a dietary supplement, and no substantiation for the represented effects. Defendants make those claims while concealing the product's actual active ingredient (chlorhexidine) and while misrepresenting the live-probiotic content responsible for the represented mechanism of action.

71. The disease- and treatment-themed claims confer a commercial advantage on Defendants by making the CeeLike Product appear more effective than ordinary breath sprays, while sparing Defendants the costs and disclosures that lawful, substantiated marketing of comparable claims would require. Those representations injure BioGaia, which competes in the same oral-health category and must substantiate any structure/function representations it makes for its own products.

**G. Consumer Confusion and Materiality**

72. Defendants' false and misleading representations are likely to deceive, and have in fact deceived, a substantial segment of Defendants' audience. Consumers in the breath-spray and oral-health categories choose probiotic products on the represented basis that those products contain live, beneficial bacteria, that they are safe, and that they are made from natural ingredients.

73. The reviews and questions on Defendants' own Amazon listing reflect the consumer confusion Defendants' marketing creates. Consumer questions auto-populated on the Amazon listing include "Does it contain alcohol?," "Can kids use this?," and "Is this product tested on animals?" *See* Exh. C. Consumers ask those questions because Defendants conceal the actual composition of the product and

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

convey the impression that the product is a benign, natural, child-appropriate, daily-use wellness product. Defendants direct consumers seeking transparency about the formulation away from the actual material risks of the product.

74. Defendants further reinforce their materially misleading representations by curating positive reviews and consumer-experience summaries that focus exclusively on flavor, packaging, and breath-freshening effect. Amazon's consumer-says summary for the CeeLike Product reports that customers find the spray "effective and easy to use, with a pleasant taste and good breath-freshening properties." The summary makes no mention of the presence of chlorhexidine, the absence of live probiotics, or the risks associated with the actual active ingredient. *See* Exh. C.

75. Defendants' representations are material because they go to the core characteristics consumers consider when purchasing the CeeLike Product—whether the product contains the represented probiotics, whether it is safe, whether it is natural, and whether it confers the represented oral-health benefits. Each of those representations is likely to influence purchasing decisions and in fact has done so.

**H. Harm to BioGaia**

76. Defendants' false and misleading advertising directly injures BioGaia. BioGaia and Defendants compete in the same product market—oral-health products marketed on the basis of live probiotic content—and target the same consumers. Defendants' misrepresentations divert sales from BioGaia by inducing consumers to purchase the CeeLike Product instead of BioGaia's lawfully marketed, scientifically substantiated probiotic products.

77. Defendants' conduct also injures BioGaia by degrading the goodwill BioGaia has built in the probiotic category. Consumers who purchase a "probiotic" product that contains no live probiotics, or that contains an undisclosed antimicrobial drug ingredient with documented health risks, experience disappointment, harm, or loss of confidence in the probiotic category as a whole. Those consumers are less likely to purchase legitimate probiotic products from BioGaia in the future. The

27

damage to BioGaia's investment in the probiotic category is ongoing and not fully remediable by money damages alone.

78.    Defendants' conduct is causing BioGaia ongoing and irreparable harm of a kind that cannot be fully remedied by money damages. Each day Defendants continue to sell the CeeLike Product with the false "probiotic," "safe," and "natural" representations, BioGaia loses sales it cannot fully recover, suffers loss of goodwill it cannot calibrate to a dollar amount, sustains erosion in the value of its consumer-facing brand, and is forced to compete in a marketplace distorted by deception. The longer Defendants' conduct continues, the more entrenched in consumer awareness Defendants' deceptive presentation of the "CeeLike" brand becomes, and the more difficult it becomes for BioGaia and other legitimate participants in the probiotic category to restore the integrity of the category-defining "probiotic" designation on which BioGaia's business depends.

79.    The harms BioGaia is sustaining include, but are not limited to, the following: (a) lost sales and lost market share in the oral-health probiotic category that BioGaia would have realized but for Defendants' deceptive marketing; (b) loss of goodwill associated with the "BioGaia" brand and with BioGaia's proprietary Prodentis line, including loss of customer recognition, customer preference, and repeat-purchase behavior that BioGaia's sustained investment in the category has cultivated; (c) loss of the value of BioGaia's investment in clinical research, peer-reviewed scientific substantiation, and compliant labeling, which serves to differentiate BioGaia's products in the probiotic category, but which is devalued when consumer trust in the "probiotic" designation itself is eroded; (d) loss of prospective customers, including consumers who would have become long-term purchasers of BioGaia's products but who have instead been diverted to Defendants' product or who have developed disappointment, harm, or distrust in the probiotic category as a result of their experience with the CeeLike Product; and (e) the diversion

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

28

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

of management attention, marketing resources, and customer-service capacity to address the marketplace confusion and category-wide erosion caused by Defendants' conduct.

80.     Defendants' conduct also threatens harm beyond BioGaia. The CeeLike Product is marketed to consumers, including children and other vulnerable populations, with no disclosure of the chlorhexidine drug ingredient, no warnings of the documented health risks associated with that ingredient, and no instructions limiting use to a manner consistent with the safe use of a regulated drug. Defendants' conduct exposes consumers to a regulated antimicrobial drug ingredient under the misimpression that the product is a benign, daily-use, natural-wellness item. The risk that consumers will experience adverse reactions, including allergic reactions, mucosal effects, and other documented chlorhexidine-related risks, is a real and continuing public-health concern that compounds the irreparable nature of the harm Defendants are causing.

81.     Defendants CeeLike Brand Management and Jincheng Penglai are foreign entities with no known U.S. offices, employees, registered agents, or assets, which compounds the risk that money damages alone will be inadequate to remedy the harm being caused. Defendants' only sustained U.S. commercial presence in respect of the CeeLike Product is through Defendant Lil Republic's California-based e-commerce operation and the online platforms on which Defendants jointly market the product. Absent preliminary injunctive relief, Defendants will continue to sell the CeeLike Product into California and the United States, and the daily, ongoing harms to BioGaia and to consumers identified above will continue to accrue.

82.     Although the foreign Defendants do not maintain offices or registered agents in the United States, they maintain active, monitored, and readily reachable communication channels with U.S. consumers and the U.S. marketplace. Those channels include, without limitation, (a) the ceelike.com e-commerce website, with

29

associated customer-service email addresses and online order-management infrastructure; (b) the "CEELIKE Store" on Amazon.com, which maintains a seller-messaging system; (c) the "CEELIKE" storefront on Walmart.com, which similarly maintains a seller-messaging system; and (d) the TikTok Shop "CEELIKE & MSDRWIKEY Oral Care" storefront, on which Defendants disclose the "Business name" of Lil Republic Limited and a "Business address" of 1209 Orange Street, Wilmington, Delaware 19801. *See* Exh. D.

83.    Defendants therefore are reachable through identified electronic and physical means for purposes of notice. Plaintiff will provide notice to Defendants of any application for preliminary injunctive relief by all such means, in addition to whatever process is otherwise available under Federal Rule of Civil Procedure 4 and any applicable treaty for service abroad.

84.    Plaintiff alleges that notice provided through those channels is reasonably calculated to apprise Defendants of any application for preliminary injunctive relief and to afford them an opportunity to be heard.

## V.  CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### False Advertising and Unfair Competition under
### Section 43(a)(1)(B) of the Lanham Act
### [15 U.S.C. § 1125(a)(1)(B)]

85.    Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth here.

86.    Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), provides a civil cause of action against any person who, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of his or her goods.

87.    Defendants have engaged in false advertising and unfair competition in violation of Section 43(a)(1)(B) by making false and misleading statements of fact,

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

30

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

in commercial advertising and promotion, about the nature, characteristics, and qualities of the CeeLike Product. Those false and misleading statements include, without limitation:

a. Representing that the CeeLike Product is a "Probiotic" product, is "Probiotics Infused," contains "Probiotics," and contains specific probiotic strains identified as "ADP-1," "ET-66," "AP-32," and "LR3," when the CeeLike Product contains no live probiotic bacteria detectable at any commercially or clinically meaningful concentration, whether because Defendants never included live probiotic organisms in the product or because any such organisms were rendered nonviable by the antimicrobial activity of the Chlorhexidine Digluconate Defendants chose to include in the same product formulation;

b. Representing that the CeeLike Product is "safe," "gentle," and free of "harsh chemicals," when the product contains an antimicrobial drug ingredient with documented health risks, including risk of anaphylactic reactions, tooth and tongue staining, taste alteration, oral irritation, and mucosal effects, and is marketed for unsupervised daily use without any of the warnings, directions, or disclosures consumers would receive for any FDA-approved chlorhexidine oral product;

c. Representing that the CeeLike Product is a "natural" product derived from the "PURE ESSENCE" of "NATURAL PLANTS," when the product is in fact formulated with multiple synthetic, semi-synthetic, or heavily processed ingredients, including Chlorhexidine Digluconate, Propylene Glycol, PEG-40 Hydrogenated Castor Oil, Sodium Benzoate, Sucralose, Trisodium Phosphate, Mica, and CI 77891; and

d. Omitting from the CeeLike Product's online listings and packaging the existence and risks of the antimicrobial drug ingredient that Defendants

31

have chosen to include in the product, in circumstances in which Defendants' affirmative representations of safety, naturalness, and probiotic content make those omissions misleading.

88. Defendants' representations identified above are literally false. Independent of literal falsity, the representations are also misleading and likely to deceive a substantial segment of Defendants' audience. Defendants' representations are made in commercial advertising and promotion in interstate commerce, including in advertising directed to consumers in California and elsewhere in the United States.

89. Defendants' representations are material. The represented presence of live probiotic bacteria, the represented safety profile, and the represented natural composition of the CeeLike Product directly drive consumer purchasing decisions in the breath-spray and oral-health categories.

90. BioGaia is a direct competitor of Defendants in the oral-health probiotic market and has been injured by Defendants' false advertising. Defendants' misrepresentations have diverted sales away from BioGaia, eroded consumer goodwill in the probiotic category, and forced BioGaia to compete on uneven terms with a competitor whose central product claims are demonstrably false.

91. Defendants' conduct is willful, deliberate, and in bad faith. Defendants chose to include a known antimicrobial drug ingredient in a product they market as containing live probiotic bacteria; chose to advertise the product as "safe" while concealing the drug ingredient's documented risks; and chose to advertise the product as "natural" and "derived from natural plants" while formulating it with multiple synthetic ingredients. This is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), warranting enhanced damages and an award of attorneys' fees.

92. Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief; an award of Defendants' profits, the damages sustained by Plaintiff, and the costs of the action; enhanced damages up to

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

three times the actual damages or profits; attorneys' fees; corrective advertising; and pre- and post-judgment interest. Plaintiff seeks the full benefit of the statutory presumption of irreparable harm provided by 15 U.S.C. § 1116(a), as amended by the Trademark Modernization Act of 2020.

## SECOND CLAIM FOR RELIEF
### Unlawful and Unfair Business Practices
### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

93.    Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth here.

94.    California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL is written in the disjunctive, and each clause establishes an independent basis for liability. The UCL "protect[s] both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 320 (2011). Plaintiff has competitor standing under the UCL because Defendants' conduct has caused Plaintiff to lose money and property, including diverted sales, lost market share, and competitive injury within California. *See Rodeo Realty, Inc. v. Santangelo,* No. 11-CV-08372, 2012 WL 13012469, at *3 (C.D. Cal. June 14, 2012).

95.    Defendants' conduct, as alleged above, satisfies the "unlawful" prong of the UCL. The UCL's "unlawful" prong incorporates other laws and treats violations of those laws as independently actionable unfair competition. "Virtually any state, federal or local law can serve as the predicate for an action under the UCL." *Rubenstein v. Neiman Marcus Grp. LLC,* 687 F. App'x 564, 567 (9th Cir. 2017) (internal quotation marks omitted). Defendants' conduct violates, without limitation, the following predicate laws:

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

33

a. Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which prohibits unfair and deceptive acts and practices, including affirmative misrepresentations and material omissions in consumer advertising. Defendants' affirmative representations of safety, naturalness, and probiotic content are deceptive in their own right, and become further deceptive by virtue of Defendants' failure to disclose the presence and risks of the chlorhexidine ingredient.

b. California's Sherman Food, Drug, and Cosmetic Law (Cal. Health & Safety Code §§ 110100 et seq.), which prohibits the sale of any cosmetic whose labeling is false or misleading in any particular. Cal. Health & Safety Code § 111730. Defendants market the CeeLike Product as a cosmetic. Defendants' representations that the product is a "probiotic" containing live probiotic bacteria, that it is "safe," and that it is "natural" are false or misleading. This claim does not depend on any judicial determination that the product requires drug approval; it depends instead on the falsity of the affirmative representations Defendants have made about a product they market and sell as a cosmetic.

c. California Civil Code § 1770(a)(5) and (a)(7), which prohibit representations that goods have characteristics, ingredients, uses, benefits, or qualities they do not have, and representations that goods are of a particular standard or quality if they are of another. Defendants represent that the CeeLike Product has live probiotic ingredients and live-probiotic-mediated benefits, and is of a quality consistent with a "safe" and "natural" oral wellness product. The product is none of those things.

96. Defendants' conduct also satisfies the "unfair" prong of the UCL. Defendants' false and misleading advertising threatens an incipient violation of the

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

34

consumer-protection policies embodied in the laws identified above. Defendants' affirmative misrepresentations, combined with their material omissions regarding consumer health risks of a drug ingredient included in the product, distort the competitive market in California by inducing consumers to purchase a product that does not deliver the represented characteristics. The harm to consumers and to competitors like BioGaia is not outweighed by any legitimate business justification, and Defendants' conduct violates the policy and spirit of the consumer-protection laws cited above. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 187 (1999).

97.    Defendants' conduct is independently "unfair" because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Defendants market a product known to contain an undisclosed antimicrobial drug ingredient as a "safe and natural" probiotic product, and have done so with knowledge that the chemical environment they have created destroys the live probiotic content their marketing represents.

98.    Plaintiff seeks injunctive relief under Cal. Bus. & Prof. Code § 17203 to halt Defendants' ongoing unlawful and unfair conduct. Plaintiff also seeks any further equitable relief the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

### False Advertising

### [Cal. Bus. & Prof. Code §§ 17500 *et seq.*]

99.    Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth here.

100.    California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, prohibits the making or dissemination of any statement concerning real or personal property or services that is untrue or misleading, and that the person making

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

35

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

the statement knew, or by the exercise of reasonable care should have known, to be untrue or misleading.

101. Defendants have made and disseminated advertising statements to California consumers through online marketplaces, including Amazon, Walmart, and TikTok Shop, as well as through the product's own packaging and labeling. Those statements include, without limitation: (a) that the CeeLike Product is a "Probiotic" containing live probiotic bacteria; (b) that the CeeLike Product is "Probiotics Infused"; (c) that the CeeLike Product contains the specific probiotic strains "ADP-1," "ET-66," "AP-32," and "LR3"; (d) that the CeeLike Product is "safe", "gentle," and free of "harsh chemicals"; and (e) that the CeeLike Product is "natural," "Pure Essence Derived From Natural Plants."

102. Those advertising statements are untrue or misleading. Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading. Defendants designed and manufactured the product themselves, chose to include the chlorhexidine ingredient knowing its antimicrobial properties, and chose to advertise the product on a contrary set of representations. Defendants therefore knew at the time of dissemination that the representations could not be reconciled with the actual composition of the product.

103. Plaintiff has suffered an injury in fact and has lost money or property as a result of those violations, including through diverted sales, lost market share, and competitive injury, and is entitled to the relief afforded by Cal. Bus. & Prof. Code § 17535.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

104. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth here.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

105. Common law unfair competition in California redresses "deceptive conduct" or conduct that "lies outside the ordinary course of business and is tainted by fraud or coercion." *Silverlit Toys Manufactory Ltd. v. Rooftop Grp., USA, Inc.,* No. 08-CV-07631, 2010 WL 11509314, at *6 (C.D. Cal. Jan. 21, 2010). Competition is "unfair" under the common law if it "involves wrongful conduct such as fraud, misrepresentation, intimidation, coercion, or obstruction." *Id.* (quoting *Scudder Food Prods., Inc. v. Ginsberg,* 21 Cal. 2d 596, 599 (1943)).

106. Defendants engaged in a systematic course of conduct designed to mislead consumers and to misappropriate the goodwill and market position BioGaia has built in the probiotic category. Defendants' conduct includes, without limitation: (a) marketing a product as containing live probiotic bacteria when the chemical environment Defendants chose to create destroys live bacteria; (b) marketing the product as "safe" and "natural" while concealing the presence and risks of an antimicrobial drug ingredient; and (c) trading on the consumer goodwill built up around legitimate probiotic products, including BioGaia's products, by associating the CeeLike Product with the "probiotic" category without satisfying the defining characteristics of that category.

107. Defendants' conduct was undertaken knowingly, willfully, and with the intent to deceive and to interfere with BioGaia's competitive standing. Defendants have reaped substantial financial benefits through this conduct, at the expense of BioGaia and other law-abiding competitors. As a direct and proximate result of Defendants' unfair competition, BioGaia has suffered, and continues to suffer, lost sales, diverted customers, reputational harm, and loss of market share.

108. Plaintiff is entitled to all appropriate remedies available under the common law, including compensatory damages and injunctive relief to prevent the continuation of Defendants' unlawful and unfair practices.

37

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A. Preliminary and permanent injunctive relief under the Lanham Act, 5 U.S.C. §1116, the Cal. Bus. & Prof. Code §§ 17200 *et seq.*, the Cal. Bus. & Prof. Code §§ 17500 *et seq.*, and California common law, enjoining Defendants, their officers, agents, employees, representatives, successors, assigns, and all persons in active concert or participation with them, from (a) advertising, promoting, marketing, distributing, or selling the CeeLike Product, or any substantially similar product, with any representation that the product contains live probiotic bacteria, is "probiotic" or "probiotics infused," contains the strains "ADP-1," "ET-66," "AP-32," "LR3," or any similar strain-style identifiers; (b) advertising, promoting, marketing, distributing, or selling the CeeLike Product, or any substantially similar product, as "safe," "natural," "gentle," "Pure Essence Derived from Natural Plants," or with any similar representation, unless Defendants prominently and unambiguously disclose the presence of chlorhexidine and the consumer health risks associated with that ingredient; and (c) advertising, promoting, marketing, distributing, or selling the CeeLike Product, or any substantially similar product, with disease, treatment, or structure/function claims, including but not limited to claims that the product treats, prevents, or affects "bad breath," "dental cares," "gum diseases," dental plaque, tooth enamel, sensitive teeth and gums, or oral inflammation;

B. A declaration that Defendants' advertising and sale of the CeeLike Product violates Section 43(a)(1)(B) of the Lanham Act, the California Unfair

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Competition Law, the California False Advertising Law, and California common law of unfair competition;

C.  An award of actual and compensatory damages sustained by BioGaia as a result of Defendants' unlawful acts, including lost profits, lost market share, and lost business opportunities, in an amount to be determined at trial;

D.  An award of Defendants' profits attributable to the unlawful conduct alleged in this Complaint pursuant to 15 U.S.C. § 1117(a);

E.  An award of treble damages under 15 U.S.C. § 1117(a), reflecting the willful and exceptional nature of Defendants' Lanham Act violations;

F.  Restitution and disgorgement of all ill-gotten gains, including all revenues and profits Defendants have realized from the conduct alleged in this Complaint;

G.  An award of reasonable attorneys' fees, costs of suit, and litigation expenses as authorized by statute, including 15 U.S.C. § 1117(a) and Cal. Code Civ. Proc. § 1021.5;

H.  Prejudgment and post-judgment interest at the maximum rate permitted by law; and

I.  Any other relief that the Court may deem just, proper, and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff BioGaia USA, LLC hereby demands a trial by jury on all claims and issues so triable.

DATED:  June 9, 2026.

Respectfully submitted,

GREENBERG TRAURIG, LLP

39

By: /s/ Peter A. Arhangelsky
Peter A. Arhangelsky (SBN 291325)
*peter.arhangelsky@gtlaw.com*
2375 E. Camelback Rd., Suite 800
Phoenix, AZ 85016
*Attorney for Plaintiff*
*BioGaia USA, LLC*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

**VERIFICATION**

I, Brett Cherry, am the Chief Operating Officer of BioGaia USA, LLC, plaintiff in the above-captioned action. I am authorized to make this verification on its behalf, and hereby state as follows:

1.      I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF and know its contents.

2.      In my role as Chief Operating Officer of BioGaia USA, LLC, I am familiar with BioGaia USA's business operations, products, sales channels, marketing activities, and competitive position in the U.S. probiotic marketplace, and I routinely receive and rely upon reports, data, communications, and other information prepared, gathered, and provided by BioGaia USA personnel and outside consultants in the ordinary course of business.

3.      The facts stated in the foregoing Complaint are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true based on my review of records, communications, and other information that I have determined to be reliable, including: (a) laboratory analyses of the CeeLike Product, including the AEMTEK Certificate of Analysis attached as Exhibit A; (b) Defendants' product packaging, ingredient declarations, and online listings, including Defendants' product detail pages on ceelike.com, Amazon.com, Walmart.com, and TikTok Shop, true and correct copies of which are attached as Exhibits C (Amazon), D (TikTok Shop), and E (Walmart.com); (c) publicly available consumer reviews and consumer feedback regarding the CeeLike Product; (d) public business filings, including Lil Republic Limited's Statement and Designation by Foreign Corporation filed with the California Secretary of State, a true and correct copy of which is attached as Exhibit F, and publicly available information regarding the corporate structure and operations of Defendant Jincheng Penglai E-commerce Co., Ltd.; (e) records of the U.S. Patent and Trademark Office

41

regarding the registration of the "CEELIKE" trademark; (f) FDA-approved labeling for chlorhexidine gluconate oral products; (g) BioGaia USA's internal records reflecting its sales, marketing, customer relationships, goodwill investments, and competitive position in the oral-health probiotic category; and (h) information provided to me by BioGaia USA employees, BioGaia AB personnel, and outside professionals in the ordinary course of business and in connection with the matters alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. *See* 28 U.S.C. § 1746.

Executed on ___6/9___, 2026.

By: ___Brett Cherry___
Brett Cherry, COO
BioGaia USA, LLC

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

42